# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Environmental Defense Fund, Natural Resources Defense Council, and Sierra Club,<br><br>     Petitioners,<br><br>  v.<br><br>U.S. Environmental Protection Agency and Michael S. Regan, in his capacity as Administrator, U.S. Environmental Protection Agency,<br><br>     Respondents. | No. 18-1149 (consolidated with Nos. 21-1033, 21-1039, and 21-1259) |

**EPA's Motion to Govern**

EPA moves to keep these consolidated cases in abeyance for 90 days, until June 2, 2025. Petitioners take no position.

Petitioners seek review of three related actions under the Clean Air Act: (1) EPA's memorandum "Project Emissions Accounting Under the New Source Review Preconstruction Permitting Program," 83 Fed. Reg. 13,745 (Mar. 30, 2018); (2) EPA's rule "Prevention of Significant Deterioration (PSD) and Nonattainment New Source Review (NNSR): Project Emissions Accounting," 85

1

Fed. Reg. 74,890 (Nov. 24, 2020); and (3) EPA's action "Denial of Petition for Reconsideration and Administrative Stay: 'Prevention of Significant Deterioration (PSD) and Nonattainment New Source Review (NNSR): Project Emissions Accounting,'" 86 Fed. Reg. 57,585 (Oct. 18, 2021). The three challenges have been consolidated and kept in abeyance. Order (Mar. 14, 2024); *see also* Orders (Feb. 17, 2021; Aug. 30, 2021; Sept. 17, 2021; Nov. 15, 2021; Mar. 3, 2022; Sept. 21, 2023).

EPA initiated a rulemaking process to review the November 2020 rule and to consider potential revisions to its New Source Review regulations that would address issues raised by some Petitioners in an administrative petition for reconsideration. The proposed rule, "Prevention of Significant Deterioration (PSD) and Nonattainment New Source Review (NNSR): Regulations Related to Project Emissions Accounting," was published in May. 89 Fed. Reg. 36,870 (May 3, 2024). The comment period closed on July 2, 2024.

In December, EPA moved for, and was granted, a 90-day abeyance to consider its next steps here. EPA's Unopposed Mot. to Govern (Dec. 2, 2024); Order (Dec. 16, 2025). A month later, on January 20, 2025, a new administration took office. EPA needs time to brief its new leadership about this case and the underlying rule to allow them to decide what action, if any, is necessary. To do so

2

in an orderly and deliberate way, EPA requests that the Court keep these cases in abeyance for 90 days.

Abeyance is warranted here. Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

Courts routinely grant stays or abeyance in circumstances like those here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[1] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum*

---

[1] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

*Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

Abeyance would also preserve resources of the parties and the Court and not prejudice Petitioners, who take no position here.

For these reasons, the Court should keep these cases in abeyance for 90 days, until June 2, 2025, with motions to govern due then.

Submitted on March 3, 2025.

                                                                   */s/ Sue Chen*
                                                 Sue Chen
                                                 U.S. Department of Justice
                                                 Environment & Natural Resources Division
                                                 Environmental Defense Section
                                                 P.O. Box 7611
                                                 Washington, D.C. 20044
                                                 Tel: (202) 305-0283
                                                 Sue.Chen@usdoj.gov

**Certificates of Compliance and Service**

I certify that this motion complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 629 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on March 3, 2025, I filed the foregoing with the Court's CMS/ECF system, which will notify each party.

*/s/ Sue Chen*
Sue Chen
